IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS FIELDS, DEBRA FIELDS and** § | | **PLAINTIFFS** |
| **BARBARA KIMMICH** § | | |
| § | | |
| **v.** § | | **1:06-CV-501-LG-RHW** |
| § | | |
| **GMFS, LLC. and DAVID R. CRAFT** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER TO REMAND CASE**
**TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**

THIS MATTER COMES BEFORE THE COURT upon the Plaintiffs' Motion to remand. Defendant, GMFS removed this matter pursuant to 28 U.S.C. § 1331. According to GMFS, Plaintiffs have made claims under the National Flood Insurance Act of 1968 (NFIA)[1] After carefull consideration of pleadings, briefs and arguments of counsel and the relevant legal authorities, the Court finds that it does not have subject matter jurisdiction of this cause.

FACTS AND PROCEDURAL HISTORY

Plaintiffs are residents of the Mississippi Gulf Coast. In 2004, they decided to refinance their home mortgage. They entered into a refinancing agreement with GMFS, a mortgage lender. As part of the refinance process, GMFS and a local real estate appraiser, David Craft, made a determination that Plaintiffs' property was not located in a special flood

---

[1] " *See* Notice of Removal. "Plaintiffs seek relief pursuant to the National Insurance Act of 1968, the Flood Disaster Protection Act of 1973, and the National Flood Insurance Reform Act of 1994, over which this Court has original jurisdiction...."

hazard area and did not require mandatory flood insurance coverage. Based upon this determination, Plaintiffs did not purchase flood insurance. On August 29, 2005, Plaintiffs' property was severely damaged by Hurricane Katrina's flood waters. It was after the storm that Plaintiffs discovered that their property was actually located within the special flood hazard area. Plaintiffs have alleged claims for negligent and intentional misrepresentation and breach of contract. According to the complaint, had the Defendants correctly identified the Plaintiffs' property as within a special hazard area, Plaintiffs would have been required to obtain flood insurance. Defendants removed the case alleging exclusive original jurisdiction of the federal court under the NFIA, 42 U.S.C. § 4001, et seq.

## DISCUSSION

To support removal, the defendant bears the burden of establishing federal jurisdiction over the state-court suit. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Furthermore, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001). Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. *See Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Because the removal statute should be strictly construed in favor of remand, any ambiguities in the state court petition are construed against removal. *Id.* (citing *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000)).

Defendants allege that this Court has exclusive original federal question jurisdiction over Plaintiffs' claims under the NFIA. The NFIA was enacted to make flood insurance available to persons in flood-prone areas. Flood insurance policies issued under NFIA are called Standard Flood Insurance Policies (SFIPs). By regulation, private insurance companies, referred to as Write-Your Own insurance companies (WYO), may provide SFIPs in their own names but may not alter, vary or waive the terms of the SFIP. Federal district courts have original exclusive jurisdiction over disputes concerning the handling of SFIP claims. 42 U.S.C. § 4072. Additionally, the NFIA preempts any state law cause of action based upon the handling of SFIP claims. *See Gallup v. Omaha Property and Casualty Ins. Co.,* 434 F.3d 341 (5th Cir. 2005).

Clearly, Plaintiffs' complaint states no cause of action related to the handling of an SFIP claim since there is no SFIP upon which to make such a claim. However, GMFS contends that the complaint raises questions regarding its responsibilities under the NFIA. As such, Defendants contend that "federal jurisdiction is created as a result of the federal issues imbedded within the state law claims and the federal rights that must be interpreted to resolve the case." *See* Defendants' Memorandum Brief at 2.

Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Therefore, to support removal, the defendant must locate the basis of federal jurisdiction in those allegations and show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank,* 299 U.S. 109, 111, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). However, in certain situations where the plaintiff necessarily has available no

legitimate or viable state cause of action, but only a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law. *Carpenter v. Wichita Falls Independent School Dist.* 44 F.3d 362, 366 (5th Cir. 1995). Thus, under the "artful pleading doctrine," a plaintiff may not avoid federal jurisdiction merely by omitting to plead necessary federal questions in his complaint. *See Franchise Tax Bd.,* 463 U.S. at 22, 103 S.Ct. at 2852- 53.

Defendants assert that the Plaintiffs' claims will require the Court to determine GMFSs responsibilities under the NFIA. For example, are mortgage lenders required to purchase SFIP, and are lenders required to escrow SFIP premiums or force-place insurance on behalf of owners of property located in special flood hazard areas? *See* Defendants' Brief, at 2-3. However, even assuming that these issues may arise, they are not "essential elements" of the Plaintiffs' claims. Moreover, the mere presence of a federal issue "does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. V. Thompson,* 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d. 650 (1986).

The gravamen of Plaintiffs' complaint is the failure of the Defendants to accurately identify their home as property within a flood hazard area and the resulting failure to procure flood insurance. Courts have repeatedly held that claims which relate to the procurement of flood policies do not give rise to federal jurisdiction under the NFIA. *See Seruntine v. State Farm Fire & Cas.Co.,* 2006 WL 2228947 (E.D.La. 2006); *Cosse v. B.G. Matte,* 2006 WL 1968868 (E.D.La. 2006); *Landry v. State Farm Fire & Cas. Co.,* 428 F.Supp.2d 531, 534-36 (E.D.La . 2006); *Corliss v. South Carolina Ins. Co.,* 2004 WL 2988497 (E.D.La.2004); *Elizabeth v. USAA Gen. Indem. Co.,* 2002 WL 31886719 (E.D.La. 2002) *see also Waltrip v. Brooks Agency, Inc.,*

417 F.Supp.2d 768, 770 (E.D.Va. 2006); *Roybal v. Los Alamos National Bank,* 375 F.Supp.2d 1324, 1332-33 (D.N.M. 2005). Any discussion in Plaintiffs' complaint about the NFIA is, at best peripheral to Plaintiffs' state law claims against these Defendants.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**, pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 11th day of August, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE